UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SPECIALTY MEDICAL EQUIPMENT, INC., a )
Michigan Corporation, )
 )
      Plaintiff, )
 )
vs. )
 )
VITA MEDICAL SUPPLIES, LLC, a Florida )
Limited Liability Company, and )
OSCAR CARABALLO, an individual, )
 )
      Defendants. )
_____/

**COMPLAINT**

Plaintiff, SPECIALTY MEDICAL EQUIPMENT, INC. (hereinafter SPECIALTY MEDICAL), brings this civil action to recover damages against Defendants VITA MEDICAL SUPPLIES, LLC (herein after VITA MEDICAL), and OSCAR CARABALLO (hereinafter CARABALLO).

**Nature of Case**

1. This case seeks to recover damages resulting from the actions of the Defendants in obtaining money and property from Plaintiff through fraud, breach of contract, and fraud in the inducement. The Defendants' actions against the Plaintiff were part of a calculated scheme to defraud Plaintiff through the knowing making of materially false representations regarding the regulatory compliance and customers of VITA MEDICAL in order to induce SPECIALTY MEDICAL to purchase the assets of VITA MEDICAL for a grossly inflated amount.

## Parties

2. Plaintiff SPECIALTY MEDICAL EQUIPMENT, INC., is a Michigan Corporation. SPECIALTY MEDICAL is in the business of providing medical equipment and supplies to its customers, including diabetic testing supplies.

3. Defendant VITA MEDICAL SUPPLIES, LLC, is a Florida Limited Liability Company. VITA MEDICAL was purportedly in the business of providing medical equipment and supplies to its customers, including diabetic testing supplies. VITA MEDICAL's principal place of business was located at 4300 N. University Drive, Lauderhill, Florida.

4. Defendant OSCAR CARABALLO is a citizen and resident of the State of Florida. CARABALLO was the Manager and sole shareholder of VITA MEDICAL.

## Jurisdiction

5. The amount in controversy in this action exceeds $75,000.00, excluding interest, costs and attorneys' fees, and the action is between a citizen of the State of Michigan (SPECIALTY MEDICAL), and citizens of the State of Florida (VITA MEDICAL and CARABALLO). As such, this action is within the diversity jurisdiction of the court in accordance with the provisions of 28 U.S.C. § 1332(a).

## Venue

6. Venue in the Southern District of Florida is proper in this action under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred within the Southern District of Florida.

7. Pursuant to the choice of venue provision contained in the asset purchase agreement entered into by the parties, this action is to be brought in Palm Beach County, Florida.

**General Allegations**

8. In January 2021, SPECIALTY MEDICAL and VITA MEDICAL negotiated the terms of an asset purchase agreement pursuant to which SPECIALTY MEDICAL agreed to purchase the assets of VITA MEDICAL. CARABALLO, as the Manager, President and sole shareholder of VITA MEDICAL, represented VITA MEDICAL in the contract negotiations.

9. As part of the negotiations, VITA MEDICAL and CARABALLO made affirmative representations of fact regarding VITA MEDICAL's business operations, including representations regarding VITA MEDICAL's compliance with health care regulatory laws, as well as regarding the number, type and status of the patients that VITA MEDICAL was then servicing.

10. Based upon the representations of fact made by VITA MEDICAL and CARABALLO to SPECIALTY MEDICAL, SPECIALTY MEDICAL entered into an asset purchase agreement on January 18, 2021, to purchase the assets of VITA MEDICAL. A copy of the asset purchase agreement is attached as Exhibit 1.

11. The purchase price established and paid by SPECIALTY MEDICAL pursuant to the asset purchase agreement was $200,000.

12. The asset purchase agreement included specific representations and warranties by VITA MEDICAL and CARABALLO that:

   a. "Seller and the Business are now, and at all times have been in compliance in all material respects with all applicable Laws;"

   b. "Seller and its Representatives are and have been at all times been in compliance in all material respects with all applicable Laws, including without limitation, Health Care Laws relating to patient recruitment, billing procedures, claims submission, marketing, advertising, shipping, delivery, and third party payor participation and payments requirements;"

   c. "Seller has provided to Buyer a true, correct and complete list of its Active and Inactive Customers as of a date not earlier than three (3) days prior to the date hereof in accordance with applicable Laws;"

    d. "The records of the Business are true and complete in all material respects, and there are no material matters as to which appropriate entries have not been made in the records. Seller has provided Buyer true, correct and complete records regarding the Customers (the 'Customer Records');" and

    e. "No representation, warranty or covenant made by Seller in this Agreement or any Ancillary Agreement contains an untrue statement of facts or omits to state a fact required to be stated herein or therein or necessary to make the statements contained herein or therein not misleading."

13. The truth and accuracy of these the factual representations made by VITA MEDICAL and CARABALLO in the asset purchase agreement were made an explicit condition of SPECIALTY MEDICAL's consideration for entering into the asset purchase agreement.

14. Pursuant to the explicit terms of the asset purchase agreement, CARABALLO, as the sole shareholder of VITA MEDICAL, "jointly and severally represent[ed] and warrant[ied]" the accuracy of the representations made in the asset purchase agreement.

15. The representations made by VITA MEDICAL and CARABALLO in the asset purchase agreement regarding VITA MEDICAL's purported compliance with health care laws were false. VITA MEDICAL was not in compliance with health care laws. To the contrary, VITA MEDICAL had been submitting claims to health insurance for customers that had not requested and/or did not need the medical equipment and supplies that had been billed.

16. The representations made by VITA MEDICAL and CARABALLO in the asset purchase agreement regarding the customers and customer lists were also false. The customer lists provided to SPECIALTY MEDICAL by VITA MEDICAL and CARABALLO included hundreds of purported customers who in fact had no prior business relationship with VITA MEDICAL, or who had not requested the diabetic testing equipment and supplies as had been represented to SPECIALTY MEDICAL by VITA MEDICAL and CARABALLO.

17. In addition to the loss of the $200,000 purchase price that SPECIALTY MEDICAL would not have paid absent the fraudulent misrepresentations made by VITA MEDICAL and CARABALLO, SPECIALTY MEDICAL has also incurred additional damages as a result of having to refund health insurance claims submitted for patients serviced by SPECIALTY MEDICAL after the acquisition based upon the false customer lists provided by VITA MEDICAL and CARABALLO.

18. SPECIALTY MEDICAL has also incurred damages in the form of attorneys' fees and costs in bringing this action.

## COUNT I
## FRAUD

19. Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 17 as if fully stated fully herein.

20. This is an action against Defendants VITA MEDICAL SUPPLIES, LLC and OSCAR CARABALLO for fraud.

21. The Defendants made materially false statements of fact to, and/or concealed material facts from, Plaintiff regarding the matters set forth in Paragraph 12 of this Complaint.

22. The Defendants knew the statements were false at the time they were made and/or that they were concealing material facts from Plaintiff regarding those matters.

23. The false statements were made for the purpose of inducing Plaintiff to act in reliance thereon and for the purpose of defrauding Plaintiff of money and property.

24. As a result of Defendants false and fraudulent statements, actions and omissions, toward Plaintiff, and Plaintiff's reliance thereon, Plaintiff has suffered monetary damages of in excess of $200,000.

WHEREFORE, Plaintiff seeks damages, together with costs, attorneys' fees, and for such other relief as this Court finds just, fair and equitable.

## COUNT II
## BREACH OF CONTRACT

25. Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 17, as if fully stated fully herein.

26. This is an action against Defendants VITA MEDICAL SUPPLIES, LLC and OSCAR CARABALLO for breach of the asset purchase agreement entered into by Plaintiff.

27. Defendants breached the agreement by breaching the terms of the asset purchase agreement with respect to the representations and warranties contained in the asset purchase agreement.

28. The Defendants further breached the asset purchase agreement by providing Plaintiff materially false customer lists and information.

29. Plaintiff has suffered financial damages as a direct result of the Defendants' breach of contract, and continues to suffer damages as a direct and foreseeable result of Defendants' breach of contract.

WHEREFORE, Plaintiff seeks damages against Defendants VITA MEDICAL SUPPLIES, LLC and OSCAR CARABALLO, together with interest, costs, attorneys' fees, and for such other relief as this court finds just, fair and equitable.

## COUNT III
## FRAUD IN THE INDUCEMENT

30. Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 17 as if fully stated fully herein.

31. This is an action against Defendant VITA MEDICAL SUPPLIES, LLC and OSCAR CARABALLO for fraud in the inducement.

32. The Defendants made materially false statements of fact to, and/or concealed material facts from Plaintiff to induce Plaintiff to enter into the asset purchase agreement.

33. The Defendants knew the statements were false at the time they were made and/or that they were concealing material facts from Plaintiff.

34. The false statements were made for the purpose of inducing Plaintiff to act in reliance thereon.

35. Plaintiff acted in reliance on the correctness of the representations made by VITA MEDICAL SUPPLIES, LLC and OSCAR CARABALLO by executing the asset purchase agreement and tendering the agreed purchase price

36. Plaintiff has been proximately damaged as a result.

**WHEREFORE**, Plaintiff seeks rescission of the asset purchase agreement, together with costs, attorneys' fees, and for such other relief as this Court finds just, fair and equitable.

Respectfully submitted,

*Robert N. Nicholson*
Robert N. Nicholson, P.A.
Florida Bar No. 933996
Robert@NicholsonEastin.com
Parker D. Eastin
Florida Bar No. 48044
Parker@NicholsonEastin.com
Nicholson & Eastin, LLP
707 NE 3rd Ave., Suite 301
Fort Lauderdale, Florida 33304
Telephone: (954) 634-4400
Facsimile: (954) 634-4418